IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADETTE MEADOWS, AND ALL OTHERS SIMILARLY SITUATED<br>    PLAINTIFFS,<br><br>v.<br><br>KPMG LLP<br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>File No.<br><br><br><br>Jury Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, BERNADETTE MEADOWS, and all others similarly situated, and complain of Defendant KPMG LLP ("KPMG" or "Defendant"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit authorized by the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), wherein class plaintiff Bernadette Meadows seeks to recover, on her behalf and on behalf of all similarly situated employees, unpaid overtime wages.

2. This action seeks equitable relief, compensatory and liquidated damages, attorneys' fees, all costs of the action, and post-judgment interest for KPMG's willful failure to pay overtime wages to Bernadette Meadows ("Ms. Meadows" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendant.

### II.
### JURISDICTION AND VENUE

3. Plaintiff, on her behalf, and on behalf of the Plaintiff class, brings this action to recover unpaid overtime wages from Defendant pursuant to the FLSA.

1

4. The Court has jurisdiction of these asserted claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendant because Defendant routinely conducts business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Bernadette Meadows**, Plaintiff, is a resident of Harris County, Texas.

8. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendant who work, or worked, anywhere in the United States as so-called "Seasonal, Professional Level" employees.

9. Defendant, **KPMG LLP,** is a validly existing limited liability partnership organized under the laws of the State of Delaware and having its principal place of business in New York, New York. KPMG LLP is one of the "big four" U.S. accounting firms, operating from 87 offices with more than 23,000 employees and partners throughout the United States. KPMG LLP may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. Whenever it is alleged in this complaint that Defendant committed any act or omission, it is meant that Defendant's partners, officers, directors, vice-principals, managers, agents, servants, or employees committed such act or omission and that at the time the act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's partners, officers, directors, vice-principals, managers, agents, servants, or employees.

11. At all material times, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

13. At all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce pursuant to 29 U.S.C. §§ 206-207.

14. At all material times, Defendant was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant had employees who were engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

15. Ms. Meadows files this case as an "opt-in" collective action, as is specifically allowed by the collective action provisions of the FLSA (*See*, 29 U.S.C. § 216(b)).

16. For purposes of this action, the "relevant period" or "class period" is the period of time commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial.

17. Other employees have been, and continue to be, victimized by Defendant's ill-conceived patterns, practices, and policies that violate the FLSA.  Like Ms. Meadows, Defendant willfully requires a particular class of its U.S. based non-exempt employees to work off-the-clock by prohibiting them to record any hours beyond the first forty (40) worked in any workweek. Indeed, the Defendant falsely declares that such employees would be working less than 1,000 hours a year, and thereby deprives an entire class of employees their employment benefits, including health insurance and participation in a 401(k) Plan. Defendant categorizes these

individuals as "Seasonal, Professional Level" employees; however, there is nothing seasonal or sporadic about their employment.

18. Ms. Meadows, for instance, routinely worked 42 to 44 hours a week during each workweek of her employment with KPMG. She was termed a "Seasonal, Professional Level" employee, but KPMG never intended her employment to be seasonal, sporadic or part-time.

19. Other similarly situated employees have, and are, being denied their lawful overtime wages by having to work hours off-the-clock and by being required to certify that they have worked exactly 40 hours each and every week of their employment. Thus, Plaintiff's experience is typical of the experience of members of the Plaintiff Class as it pertains to unpaid overtime wages and unpaid employment benefits.

20. The job titles or specific job requirements of the numerous members of the Plaintiff Class do not prevent collective treatment because each non-exempt employee, regardless of job title, job requirements, or rate of pay, who was / is denied overtime compensation for hours worked in excess of 40 in one or more workweek is similarly situated to Plaintiff, resulting solely from Defendant's deliberate denial of overtime wages by way of a systematic and consistently applied company policy in violation of the FLSA.

21. Further, although the quantum of damages may vary among the individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts.

22. All current and former non-exempt employees employed by KPMG in the United States at any time during the period beginning three years prior to the date of filing of this action, and continuing to the date of judgment, who were denied overtime pay for hours worked in excess of forty (40) in any given workweek may properly be included as members of the Plaintiff Class.

23. Thus, the unpaid overtime class Ms. Meadows seeks to represent is comprised of <u>all current and former employees that KPMG LLP employed as hourly or non-exempt workers 1) who were categorized as "Seasonal, Professional Level" employees; 2) who were based in, and/or worked in the United States during any workweek falling within the class period; 3) who worked off-the-clock hours during any workweek falling within the class period; and 4) who were not paid their overtime wages during any workweek falling within the class period</u>.

24. Each individual who opts into this litigation will be added as a party, evidenced by the timely filing of his or her written consent to join this collective action.

## V.
## FACTS

25. During the relevant period, Defendant has been subject to the requirements of the FLSA.

26. On October 29, 2013, KPMG offered Ms. Meadows employment (*See* Offer Letter attached hereto as **Exhibit – A**). Among other things, the Offer Letter stated that Ms. Meadows would be compensated at a rate of $80.00 per hour; that she was a non-exempt employee for purposes of federal wage-hour law; and that KPMG would deduct and withhold income, social security and Medicare taxes from her compensation (and presumably, she would receive an IRS Form W-2 on an annual basis, which she did). *Id.*

27. The Offer Letter further stated that "As an employee who will work less than 1,000 hours a year, you will not be eligible for firm provided benefits (unless required by applicable law). In the event that you work 1,000 hours or more during a calendar year with approval from your manager, your status may be changed, and you may then become eligible for firm provided benefits." *Id.*

28. Yet, despite working well in excess of 1,000 hours during each year of her

employment with KPMG, Ms. Meadows, who is 63 years old, was never offered any employee benefits that as a matter of routine were offered to other full-time employees of KPMG who were less than forty (40) years old.[1]

29. Further, KPMG claimed to employ Ms. Meadows as a "Seasonal, Professional Level" employee based out of Houston, Texas. However, as noted above, there was nothing seasonal, sporadic or part-time about Ms. Meadows' employment.

30. Ms. Meadows worked for KPMG from November 11, 2013, until September 30, 2016. During this time, she was termed a "Contract Recruiting Manager" (November 11, 2013 – March 15, 2016), and as "Research Manager" (March 16, 2016 – September 30, 2016).

31. On average, Ms. Meadows worked between 42 and 44 hours a week, but KPMG required her to report only 40 of those hours on her timesheet each week. She was repeatedly, purposefully and willfully required to underreport her weekly hours worked in violation of the FLSA, despite knowing full well that her job duties could not be completed within 40 hours a week.

32. When Ms. Meadows asked to be paid her overtime wages, KPMG's management refused to address the matter.

33. Admittedly, no FLSA exemption applied to Ms. Meadows' employment, and Plaintiff now sues for her unpaid wages.

34. Likewise, all similarly situated employees were not paid for the overtime hours they worked each week. This non-payment of overtime wages resulted from KPMG's common policy and practice in willful violation of the FLSA.

---

[1] After exhausting her administrative remedies and receiving a right to sue letter from the Equal Employment Opportunity Commission, Ms. Meadows will timely amend these pleadings to include a collective action under the ADEA, *as amended*, including the Older Workers Benefit Protection Act of 1990.

35. Thus, as victims of a common and uniformly applied policy that violated the FLSA, Plaintiff and all other similarly situated non-exempt employees of the Defendant may properly be joined as a class under 29 U.S.C. § 216(b).

36. Plaintiff and all other similarly situated employees now sue KPMG, as a class, for their unpaid overtime wages owed to them under the FLSA.

## VI.
## CAUSES OF ACTION

### Failure to pay overtime wages in violation of the FLSA

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

39. During her employment, Ms. Meadows routinely and consistently worked more than 40 hours per week.

40. KPMG did not pay Ms. Meadows' overtime compensation for the weekly off-the-clock hours she worked in excess of 40. KPMG also failed, and continues to fail, in paying the overtime wages owed to all similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

41. As such, Defendant violated 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff and all similarly situated employees' "overtime" wages.

42. Defendant knowingly and willfully carried out its illegal pattern and practice of not paying its employees' overtime wages, and thereby repeatedly evaded its legal obligations under 29 U.S.C. § 201, *et seq.*

43.     Plaintiff and members of the Plaintiff Class seek an amount of back-pay equaling the unpaid overtime wages earned from the date they commenced employment for the Defendant until the date of trial (or their last day of employment, if earlier).

44.     Plaintiff and members of the Plaintiff Class further seek an additional equal amount in liquidated damages, as well as their reasonable attorneys' fees and costs that are allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

45.     KPMG does not possess contemporaneous, complete and accurate time records indicating the actual number of hours worked by Plaintiff and by similarly situated employees. KPMG's timesheets, which simply indicate 40 hours worked during each workweek are inaccurate because the timesheets do not reflect the actual number of hours worked by Plaintiff or by the other similarly situated employees.

46.     If KPMG possesses time records that reflect the actual number of hours worked, Plaintiff and members of the Plaintiff Class will suffer irreparable harm if Defendant is not enjoined from this moment and during the pendency of this lawsuit from destroying or altering any such records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or any member of the Plaintiff Class, and any time and pay records affirmatively required to be maintained under the recordkeeping regulations of the FLSA.

47.     There is a substantial likelihood that Plaintiff and members of the Plaintiff Class will prevail at the trial of this matter.

48.     The harm that will result is irreparable because Plaintiff and members of the Plaintiff Class will not be able to replicate the destroyed or altered evidence, in which event, they will rely upon and resort to their best estimate and recollection of the average number of weekly

hours worked during the term of their respective employment.

49. Plaintiff and members of the Plaintiff Class will not have any other adequate remedy at law if Defendant destroys or alters records pertaining to their employment, and thus they seek the Court to place Defendant on notice regarding spoliation of such evidence.

50. Ms. Meadows further seeks the Honorable Court to place the Defendant on notice of the anti-retaliation provisions of the FLSA (specifically, 29 U.S.C. § 215(3)) to protect all members of the Plaintiff Class who continue to be employed with the Defendant.

## VII.
## ATTORNEYS' FEES AND COSTS

51. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

52. Pursuant to 29 U.S.C. § 201, *et seq.*, Plaintiff and all others similarly situated seek to recover their attorneys' fees and costs for bringing this action.

## VIII.
## JURY DEMAND

53. Plaintiff, and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff BERNADETTE MEADOWS, and all others similarly situated, respectfully request that upon final hearing, the Honorable Court grant Plaintiff, and all others similarly situated, relief against Defendant KPMG LLP, as follows:

  a.  Authorize issuance of notice to all of KPMG's similarly situated employees who are presently employed, or were in the past employed during any part of the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit;

b.      Declare that KPMG violated 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly base rate for all hours worked in excess of 40 during each seven-day work period;

c.      Enjoin KPMG from failing to pay Plaintiff, and all others similarly situated, their overtime wages earned;

d.      Declare that KPMG's violations of the FLSA are willful;

e.      Order KPMG to pay liquidated damages to Plaintiff, and to all others similarly situated, in an amount equal to their unpaid overtime wages;

f.      Enter an injunction restraining KPMG from destroying or altering any payroll or other relevant records;

g.      Order KPMG to pay Plaintiff and all similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

h.      Order KPMG to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, assessed against KPMG; and,

i.      Order all further legal, equitable or injunctive relief necessary to effectuate full relief to Plaintiff, and to all similarly situated current and former employees of KPMG LLP.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Class Plaintiff**
**Bernadette Meadows**